UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LYNETTE E. DZIUBAN,

        Plaintiff,

v.

        Case Number 07-12902-BC
        Honorable Thomas L. Ludington

JOSEPH A. DZIUBAN,

        Defendant.
_____/

**ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIM, DENYING AS MOOT DEFENDANT DZIUBAN'S MOTION FOR RECONSIDERATION AND MOTION TO EXTEND, AND DISMISSING PLAINTIFF'S TORTIOUS INTERFERENCE CLAIM WITHOUT PREJUDICE**

        Presently before the Court is Plaintiff Lynette E. Dzuiban's ("Plaintiff") complaint. Plaintiff alleged five causes of action arising from the disputed interpretation of an Eligible Domestic Relations Order ("EDRO") that established Plaintiff's rights to a portion of Defendant Joseph A. Dziuban's ("Defendant") pension benefit earned during their marriage. Plaintiff's complaint alleged those five causes of action against Defendant, the Board of Trustees of the City of Saginaw Police Officers and Firefighters Retirement System ("Board of Trustees"), and Beth Carson Church ("Church"). Previously, Church and the Board of Trustees jointly filed a motion to dismiss under Federal Rule of Civil Procedure 12(b). *See* Dkt. # 7. Defendant individually filed a motion to dismiss under Rule 12(b). *See* Dkt. # 14.

        On January 18, 2008, this Court issued an opinion granting the Board of Trustees and Church's motion to dismiss and denying Defendant's motion to dismiss Plaintiff's complaint. Dkt. # 19. After resolution of the Rule 12(b) motions, Plaintiff's only remaining claim was a state law

claim for tortious interference with Plaintiff's economic expectancy asserted against Defendant. On February 4, 2008, Defendant filed a motion for reconsideration, which raised several assignments of error. One of Defendant's arguments was that the Court should not exercise supplemental jurisdiction over the sole remaining state law cause of action. Prior to granting the Board of Trustees and Church's motion to dismiss, the Court's subject matter jurisdiction was predicated on federal question jurisdiction. *See* 28 U.S.C. § 1331. The Court's opinion, however, dismissed the only federal cause of action, an alleged violation of 42 U.S.C. § 1983 for infringing Plaintiff's due process rights. Dkt. # 19.

"[A] district court[] may decline to exercise supplemental jurisdiction over a claim under [28 U.S.C. § 1367](a) if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Grace v. USCAR*, 521 F.3d 655, 679-680 (6th Cir. 2008) (recognizing it is within a court's discretion to determine whether to continue to exercise supplemental jurisdiction over any remaining state law claims when: (1) a court's subject matter jurisdiction is predicated on federal question jurisdiction and (2) all federal claims are dismissed). "Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (citations and internal quotations omitted).

Here, the Court's subject matter jurisdiction was predicated on the 42 U.S.C. § 1983 claim asserted against the Board of Trustees and Church. The Court's previous opinion dismissed all claims against the Board of Trustees and Church, including the 42 U.S.C. § 1983 claim. The only remaining claim is the state law claim of tortious interference with economic expectancy. Plaintiff's

complaint is factually predicated on the interpretation of a state court EDRO, subject matter that the state court is well-qualified to address. Moreover, dismissing this matter at an early stage of litigation will not greatly prejudice the parties. Thus, the Court will not continue to exercise supplemental jurisdiction over Plaintiff's sole remaining claim and it will be dismissed without prejudice.

Accordingly, it is **ORDERED** that Plaintiff's claim for tortious interference with economic expectancy is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3). As a result, no claims remain and case is closed.

It is further **ORDERED** that Defendant Dzuiban's motion for reconsideration [Dkt. # 21] and motion to extend dates in case management and scheduling order [Dkt. # 27] are **DENIED** as moot.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 12, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 12, 2008

s/Tracy A. Jacobs
TRACY A. JACOBS